NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JACK EUGENE BARNES, *Appellant*.

No. 1 CA-CR 25-0228

FILED 07-06-2026

Appeal from the Superior Court in Maricopa County
No. CR2023-142518-001
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Law Offices Michael J. Dew, Phoenix
By Michael J. Dew
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

**M O R S E**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Jack Eugene Barnes ("Barnes") has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error.  A jury convicted Barnes of six counts of sexual exploitation of a minor.  Barnes had an opportunity to file a supplemental brief; he has not done so.  After reviewing the record, we affirm Barnes's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Barnes's daughter, Angela (a pseudonym), confronted Barnes after she discovered Barnes had six photos of her three-year-old daughter's genitalia in the deleted folder on his cellphone.  Barnes admitted taking the photos of her daughter, Rose (a pseudonym), and apologized to Angela in-person and over text.  Angela contacted the police and a police officer helped her set up a one-party consent phone call with Barnes to record him admitting to taking the photos of Rose.  During the recorded phone call, Barnes again admitted to taking the photos of Rose.  The police officer then obtained a warrant for Barnes's cellphone, seized the cellphone, and found six photos of Rose's genitalia on the cellphone.  The police officer interviewed Barnes, and Barnes again confessed to taking the photos.  The State indicted Barnes with six counts of sexual exploitation of a minor.[1]  Barnes pled not guilty.

¶3        Before trial, Barnes filed a motion to suppress evidence obtained from his cellphone, arguing the State's warrant for the cellphone was defective.  Barnes argued the warrant described a purple Samsung-brand cellphone, but the police seized a black OnePlus-brand cellphone. In response, the State stated the police seized a purple cellphone in a black case, but conceded Barnes had a OnePlus-brand cellphone, not a Samsung-brand cellphone, as described in the warrant.  The State argued that despite the error, the warrant still correctly identified the cellphone's color and owner, and that this satisfied the requirements for a valid warrant.  The superior court denied the motion to suppress.

¶4        At trial, the State presented evidence of Barnes's statements and confession and the photos seized from his phone.  Angela testified

---

[1]        The State also indicted Barnes with one count of sexual conduct with a minor but later dismissed the charge.

about discovering the photos of Rose on Barnes's cellphone and her confrontations with Barnes. Angela identified Rose in the photos and identified Barnes's hand in one photo, based on a distinctive tattoo. The defense declined to present any evidence. The jury deliberated and found Barnes guilty on all six counts. The jury also found that the victim was under fifteen years old and that Barnes was over eighteen years old for each count.

¶5 At sentencing, Barnes declined to speak on his own behalf. The superior court sentenced Barnes under A.R.S. § 13-705 to the presumptive term of 17 years for each count, to be served consecutively. The superior court considered the harm Barnes caused to Rose and the mitigating factors in Barnes's sentencing memorandum, including Barnes's childhood circumstances, educational disengagement, marriage breakdown, workplace injuries, chronic-health issues, and mental health, in deciding on the sentence. The superior court provided Barnes a 609-day presentence-incarceration credit. Barnes filed a timely notice of appeal and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033.

## DISCUSSION

¶6 We review Barnes's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Barnes has advised this Court that after a diligent search of the entire record, counsel has found no arguable questions of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Barnes at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Barnes's convictions and sentences.

¶7 Upon the filing of this decision, defense counsel shall inform Barnes of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Barnes shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶8       We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR